1  John J. Nelson, Esq. (SBN 317598)
   jjn@classactionlaw.com
2  Trenton R. Kashima, Esq. (SBN 291405)
   trk@classactionlaw.com
3  David R. Harris Esq. (SBN 286204)
   drh@classactionlaw.com
4  Jeffrey R. Krinsk, Esq. (SBN 109234)
   jrk@classactionlaw.com
5  FINKELSTEIN & KRINSK, LLP
   550 West C St., Suite 1760
6  San Diego, CA 92101-3593
   Telephone:  (619) 238-1333
7  Facsimile:   (619) 238-5425

8  Jason T. Brown*
   jtb@jtblawgroup.com
9  Nicholas Conlon*
   nicholasconlon@jtblawgroup.com
10 Lotus Cannon*
   lotus.cannon@jtblawgroup.com
11 BROWN, LLC
   111 Town Square Place, Suite 400
12 Jersey City, NJ 07310
   T: (877) 561-0000
13 F: (855) 582-5297
   *Pro Hac Vice Application forthcoming
14
   Counsel for Plaintiff
15
                    **IN THE UNITED STATES DISTRICT COURT**
16
                       **SOUTHERN DISTRICT OF CALIFORNIA**
17

| | |
|---|---|
| BRIAN MCBRIDE, individually and as a representative of the class,<br><br>Plaintiff,<br><br>vs.<br><br>ACADIA PHARMACEUTICALS INC., a Delaware corporation,<br><br>Defendant. | Case No.: **'19CV1716 CAB LL**<br><br>**CLASS ACTION COMPLAINT WITH JURY DEMAND** |

CLASS ACTION COMPLAINT

# CLASS ACTION COMPLAINT AND JURY DEMAND

BRIAN MCBRIDE ("Plaintiff"), by and through his attorneys and, on behalf of himself and the class set forth below, brings the following Class Action Complaint against ACADIA PHARMACEUTICALS INC. and alleges as follows:

## PRELIMINARY STATEMENT

1. This putative class action is brought pursuant to the Fair Credit Reporting Act ("FCRA") against a provider of employment services. Defendant ACADIA PHARMACEUTICALS INC. (hereinafter "Defendant") violated the FCRA's core protections by procuring background checks on employees and job applicants without providing proper disclosure. Recognizing that peoples' jobs depend on the accuracy of consumer reports, Congress has chosen to regulate the procurement, use and content of such background checks through the FCRA. 15 U.S.C. § 1681.

2. The FCRA contains several provisions which pertain specifically to the use of consumer reports for employment purposes. In light of the potentially determinative role that consumer reports can play regarding an applicant's employment prospects, the FCRA provides:

(2) Disclosure to consumer

(A) In general
Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

(i) a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

(ii) the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report by that person.

15 U.S.C. § 1681b(b)(2)(A).

3. The disclosure and authorization requirements are important because they enable consumers to control and correct the information that is being

disseminated about them by third parties. Moreover, the disclosures inform consumers about their rights pursuant to the FCRA, rights of which consumers are generally completely unaware.

4. Consumers have a statutory right to both obtain a copy of their consumer reports and to have errors in their reports corrected. *See* 15. U.S.C. §§ 1681g, 1681i. In order to enable consumers to exercise those rights, it is critical that consumers are aware that a report is going to be procured so that, if they choose, they can request a copy of the report to proactively ensure that it does not contain any errors.

5. Defendant has willfully and systematically violated 15 U.S.C. § 1681b(b)(2)(A) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the FCRA.

6. Defendant has further willfully and systematically violated 15 U.S.C. § 1681b(b)(3) by taking adverse action on Plaintiff and other putative class members based on the procured consumer reports without providing proper pre-adverse action notice, a copy of the report, a written description of rights, and reasonable time to respond to Defendant or dispute the report.

7. Based on Defendant's conduct, Plaintiff asserts FCRA claims on behalf of himself and the class defined below. On behalf of himself and the class, Plaintiff seeks statutory damages and/or actual damages, punitive damages, attorneys' fees, litigation costs, and all other available relief.

**PARTIES**

8. Defendant Acadia Pharmaceuticals Inc., a Delaware corporation, is a biopharmaceutical company headquartered in San Diego, California that focuses on the discovery, development, and commercialization of small molecule drugs for the

1 treatment of central nervous system disorders. Defendant was founded in 1997.[1]

2  9. According to its website, Defendant is a company focused on the development and commercialization of innovative medicines to address unmet medical needs in central nervous system disorders. For the six months ended June 30, 2019 and 2018, Defendant reported net product sales of $146.2 million and $105.9 million, respectively.[2]

10. Plaintiff received an offer of employment as a Senior Medical Science Liaison for Defendant on or about October 4, 2018.

11. According to the California Secretary of State website, Acadia Pharmaceuticals Inc. maintains a statutory agent at 3611 Valley Centre Dr, Ste. 300, San Diego, CA 92130.

12. Plaintiff Brian McBride is a resident of New Jersey.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question.

14. The Court has personal jurisdiction over Defendant because at all relevant times Defendant has been headquartered in San Diego, California.

15. Venue is proper in this District because a substantial portion of the acts giving rise to this action occurred in this District.

## ALLEGATIONS RELATING TO PLAINTIFF BRIAN MCBRIDE

16. Plaintiff repeats and re-alleges all of the foregoing paragraphs, as if set forth fully herein.

17. On or about October 4, 2018, Plaintiff received an offer of employment

---

[1] See Defendant's Bloomberg Company Profile: https://www.bloomberg.com/profile/person/18727798 (Last Accessed August 19, 2019).

[2] See Defendant's website: http://ir.acadia-pharm.com/news-releases/news-release-details/acadia-pharmaceuticals-reports-second-quarter-2019-financial?field_nir_news_date_value[min]= (Last Accessed August 23, 2019).

from Defendant.

18. On or about October 4, 2018, Defendant directed an outside consumer reporting agency, Justifacts Credential Verification Inc. ("Justifacts") to provide a consumer report containing information regarding Plaintiff.

19. Defendant's purpose in directing Justifacts to provide a consumer report containing information regarding Plaintiff was to evaluate Plaintiff's eligibility to work for Defendant.

20. Plaintiff was not been provided an FCRA compliant standalone disclosure that a consumer report could be obtained for purposes of his employment prior to the time Defendant directed Justifacts to provide a consumer report containing information regarding the Plaintiff.

21. The disclosure contained a provision stating "I release employers and persons named in my application from all liability for any damages on account of his/her furnishing said information."

22. The "I release employers and persons named in my application from all liability for any damages on account of his/her furnishing said information" provision is in violation of the FCRA's standalone disclosure requirement. *See* Syed v. M-I, Ltd. Liab. Co., 853 F.3d 492, 507 (9th Cir. 2017) (holding that the FCRA "unambiguously bars the inclusion of a liability waiver on the same document as a disclosure made pursuant to 15 U.S.C. § 1681b(b)(2)(A)").

23. On or about October 15, 2019, Justifacts furnished a consumer report to Defendant. The consumer report contained a pending criminal charge.

24. The consumer report Justifacts furnished to Defendant bore on Plaintiff's character and general reputation.

25. Based on the information contained in the consumer report obtained from Justifacts, Defendant determined that Plaintiff was ineligible to continue working for Defendants.

26. On or about October 15, 2018 Plaintiff received a telephone call from

4
CLASS ACTION COMPLAINT

Monica Joynt, Director of Human Resources for Defendant and Jennifer Toth, Senior Manager of Talent Acquisition for Defendants, who verbally notified Plaintiff that a pending charge had turned up on the background check.

27. Plaintiff was not informed of the specifics of the charge and how it appeared on the background report. Plaintiff was not provided a copy of the background report.

28. On or about October 17, 2018, two days later, Joynt and Toth called Plaintiff and verbally notified him that his offer had been rescinded.

29. The pending charge was dismissed on October 23, 2018, less than five business days later.

30. Justifacts provided Plaintiff with a copy of the background report upon his request on or about May 23, 2019. The background report shows that it was requested on October 4, 2018 and completed on October 29, 2018. It shows no charges against Plaintiff.

31. Defendant did not provide Plaintiff with adequate opportunity to respond to or dispute the results of the background report before taking adverse action against him.

32. Defendant did not provide Plaintiff with a written description of his rights under the FCRA before taking adverse action against him.

33. Defendant did not provide Plaintiff with a copy of the background report they procured before taking adverse action against him.

34. Defendant failed to provide Plaintiff proper adverse action notice with adequate disclosures regarding the outside consumer reporting agency that provided the background report and Plaintiff's rights to free disclosure of the report and to dispute the accuracy of the information contained in the report.

35. Defendant willfully violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring a consumer report on Plaintiff for employment purposes despite the fact that Plaintiff was not provided with a clear and conspicuous written disclosure, in a document

consisting solely of the disclosure, that a consumer report may be obtained for employment purposes. ("Disclosure Claim").

36. Defendant further willfully violated 15 U.S.C. § 1681b(b)(3)(A)(ii) by taking adverse action—i.e. determining that Plaintiff was ineligible to continue working for Defendant—based on the consumer report without providing Plaintiff with a written description of his rights under the FCRA, a copy of the background report, or reasonable time to dispute the results of the report. ("Adverse Action Claim").

**ALLEGATIONS RELATING TO DEFENDANT'S BUSINESS PRACTICES**

37. Plaintiff repeats and re-alleges all of the foregoing paragraphs, as if set forth fully herein.

38. Defendant conducts background checks on their job applicants.

39. Defendant does not perform these background checks in-house. Rather, Defendant relies on outside consumer reporting agencies to obtain this information and report it to Defendant.

40. These reports constitute "consumer reports" for purposes of the FCRA.

41. Defendant uses Justifacts as a consumer reporting agency.

42. The FCRA requires that, prior to procuring consumer reports, persons must certify to the consumer reporting agency that they will comply with the FCRA's stand-alone disclosure requirements. *See* 15 U.S.C. § 1681b(b).

43. Despite the representations Defendant presumably made to, and the instructions they received from, Justifacts, Defendant systematically failed to provide proper disclosures before procuring consumer reports for employment purposes, and failed to provide written description of rights under the FCRA, copies of background report, and/or reasonable time to respond or dispute consumer reports before taking adverse action.

44. Defendant's practices violate a fundamental protection afforded to employees under the FCRA, are contrary to the unambiguous language of the statute

and are counter to longstanding judicial and regulatory guidance. In a 1998 advisory opinion letter, the Federal Trade Commission stated: "Section 604(b) of the FCRA requires any employer who intends to obtain a consumer report for employment purposes to disclose this to the applicant or employee (in a document that consists solely of the disclosure) and to obtain the applicant or employee's written permission."[3]

45. By systematically failing to provide disclosures, Defendant willfully violated 15 U.S.C. § 1681b(b)(2) and (3).

46. Defendant's willful conduct is reflected by, *inter alia*, the following:
  (a) The FCRA was enacted in 1970; Defendant Acadia Pharmaceuticals was founded in 1997 and has had 22 years to become compliant;
  (b) Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;
  (c) Defendant knew or had reason to know from their communications with Justifacts that their conduct violated the FCRA;
  (d) Upon information and belief, Defendant certified to Justifacts that they would comply with the disclosure requirements of the FCRA;
  (e) Defendant repeatedly and routinely fail to provide an FCRA compliant standalone disclosure to procure consumer reports;
  (f) Despite the explicit statutory text and depth of guidance directing a standalone document, Defendant systematically failed to provide proper standalone disclosures before procuring consumer reports for employment purposes, and failed to provide written description of

---

[3] Federal Trade Commission, Advisory Opinion to Hauxwell (06-12-98) (June 12, 1998), available at http://www.ftc.gov/policy/advisory-opinions/advisory-opinion-hauxwell-06-12-98

rights under the FCRA, copies of background report, and/or reasonable time to respond or dispute consumer reports before taking adverse action; and

(g) By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

## CLASS ACTION ALLEGATIONS

47. Plaintiff asserts the Disclosure Claim on behalf of the class defined as follows:

> Any person whose consumer report was procured by Defendant for employment purposes in the period beginning two years prior to the filing of the Complaint until present.

48. Plaintiff asserts the Adverse Action Claim on behalf of the subclass defined as follows:

> Any person on whom Defendants have taken adverse action based in whole or in part on any information contained in a consumer report in the period beginning two years prior to the filing of this Complaint until present.

49. Numerosity: The class is so numerous that joinder of all class members is impracticable. Defendant regularly fails to provide any disclosure to procure consumer reports on job applicants. Plaintiff is informed and believes that there are thousands of employees of Defendant and/or companies for which Defendant provides support services. Accordingly, the putative Class could number in the hundreds, if not thousands.

50. Typicality: Plaintiff's claims are typical of the members of the class. Defendant typically uses an identical disclosure to procure consumer reports on prospective and existing employees. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members, and Defendant treated Plaintiff consistent with other class members in accordance with their standard practices.

51. Adequacy: Plaintiff will fairly and adequately protect the interests of the

class and has retained counsel experienced in complex class action litigation.

52. <u>Commonality</u>: Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting individual members of the class, including but not limited to:

    (a) Whether Defendant procured consumer reports on prospective and existing employees;

    (b) Whether Defendant violated the FCRA by procuring such consumer reports without a FCRA-compliant disclosure;

    (c) Whether Defendants' FCRA violations were willful;

    (d) The proper measure of statutory damages; and

    (e) The proper measure of punitive damages.

53. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Class certification will also preclude the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

54. Plaintiff intends to send notice to all members of the class to the extent required by Fed. R. Civ. P. 23. The names and addresses of the class members are available from Defendant's records.

**FIRST CLAIM FOR RELIEF**
**Procuring Consumer Reports without First Making Proper Disclosures**
**15 U.S.C. § 1681b(b)(2)(A)(i)**

55. Plaintiff repeats and re-alleges all of the foregoing paragraphs, as if set

forth fully herein.

56. Defendant procured consumer reports, as defined by the FCRA, on Plaintiff and other class members. These reports were procured for employment purposes without Plaintiff or any class members being provided a clear and conspicuous disclosure made in writing, in a document consisting solely of the disclosure, that a consumer report may be obtained for employment purposes in violation of 15 U.S.C. § 1681b(b)(2)(A)(i).

57. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of their obligations and the rights of Plaintiff and other class members under 15 U.S.C. § 1681b(b)(2)(A)(i).

58. Defendant's procurement of Plaintiff's consumer report without proper disclosure caused him to sustain actual damages, i.e. confusion regarding what information would be procured from a consumer reporting agency, the unauthorized invasion of his privacy, the loss of opportunity to respond to and/or dispute the information in his consumer report, and loss of employment and income.

59. Plaintiff and the class are entitled to actual damages or statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

60. Plaintiff and the class are entitled to such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

61. Plaintiff and the class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

**SECOND CLAIM FOR RELIEF**
**Taking Adverse Action without Complying with 15 U.S.C. § 1681b(b)(3)**
**15 U.S.C. § 1681b(b)(3)**

62. Plaintiff repeats and re-alleges all of the foregoing paragraphs, as if set forth fully herein.

63. Pursuant to 15 U.S.C. § 1681b(b)(3), an employer must satisfy these conditions before taking adverse action based on a consumer report:

(A) In general

Except as provided in subparagraph (B), in using a consumer report for employment purposes, before taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates—

    (i) a copy of the report; and

    (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) 1 of this title.

64. Congress has clarified that the "employer must [] provide the consumer with *a reasonable period* to respond to any information in the report that the consumer disputes[,] and with written notice and the opportunity and time period to respond." [4]

65. Further, a "reasonable period for the employee to respond to disputed information is not required to exceed 5 business days following the consumer's receipt of the consumer report from the employer." H.R. REP. 103-486 at 40. While four days may not be "reasonable," eight days has been deemed a "reasonable period."[5]

66. Defendant took adverse action against Plaintiff and other class members based on information in their consumer reports without first sending them pre-adverse action notices, which deprived Plaintiff and other class members of an opportunity to review and address any issues in their reports.

67. Defendant failed to provide Plaintiff and other class members a copy of the procured background report before they took the adverse action against Plaintiff and other class members.

68. Defendant took adverse action against Plaintiff and other class members based on information in their consumer reports without first providing Plaintiff and

---

[4] *See Reardon v. ClosetMaid Corp.*, No. 2:08-CV-01730, 2013 WL 6231606, at *13 (W.D. Pa. Dec. 2, 2013); H.R. REP. 103-486 at 40 (1994).

[5] *Id.*

other class members with a written description of their rights under the FCRA.

69. Defendant took adverse action against Plaintiff and other class members based on information in their consumer reports without giving them sufficient time after providing notice, a copy of the report, and a written summary of their rights to allow them to discuss the report with Defendant or otherwise respond before the adverse action was taken.

70. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of their obligations and the rights of Plaintiff and other class members under 15 U.S.C. § 1681b(b)(3)(A)(ii).

71. By taking adverse action against Plaintiff without first providing him with a pre-adverse action notice, a copy of the background report, a written description of his FCRA rights, and reasonable time to respond or dispute the report's findings before the adverse action was taken, Defendant caused him to sustain actual damages, i.e. loss of opportunity to respond to and/or dispute the information in his consumer report and loss of employment and income.

72. Plaintiff and the class are entitled to actual damages or statutory damages of not less than $100 and not more than $1,000 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

73. Plaintiff and the class are entitled to such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

74. Plaintiff and the class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## **PRAYER FOR RELIEF**

75. WHEREFORE, Plaintiff, on behalf of himself and the class, prays for relief as follows:

(a) Determining that this action may proceed as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

(b) Designating Plaintiff as Class Representative and designating

|   |   |
|---|---|
| 1 | Plaintiff's Counsel as counsel for the class; |
| 2 | (c) Issuing proper notice to the class at Defendant's expense; |
| 3 | (d) Declaring that Defendant committed multiple, separate violations of the FCRA; |
| 5 | (e) Declaring that Defendant acted willfully, in deliberate or reckless disregard of Plaintiff's and class members' rights and Defendant's obligations under the FCRA; |
| 8 | (f) Awarding actual, statutory and/or punitive damages as provided by the FCRA; |
| 10 | (g) Awarding reasonable attorneys' fees and costs as provided by the FCRA; and |
| 12 | (h) Granting other and further relief, in law or equity, as this Court may deem appropriate and just. |

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and the class demand a trial by jury.

RESPECTFULLY SUBMITTED,

Dated: September 9, 2019    By:  /s/  John J. Nelson
John J. Nelson, Esq. (SBN 317598)
Trenton R. Kashima, Esq. (SBN 291405)
David R. Harris, Esq. (SBN 286204)
Jeffrey R. Krinsk, Esq. (SBN 109234)
FINKELSTEIN & KRINSK, LLP
550 West C St., Suite 1760
San Diego, CA 92101-3593
Telephone:  (619) 238-1333
Facsimile:   (619) 238-5425
jjn@classactionlaw.com
trk@classactionlaw.com
drh@classactionlaw.com
jrk@classactionlaw.com

**BROWN, LLC**

Jason T. Brown*
Nicholas Conlon*
Lotus Cannon*
BROWN, LLC
111 Town Square Place, Suite 400
Jersey City, NJ 07310
T: (877) 561-0000
F: (855) 582-5297
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com
lotus.cannon@jtblawgroup.com

*Pro Hac Vice Application forthcoming

*Counsel for Plaintiff*